# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMIE MIKESELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01983-TWP-DKL |
| | ) | |
| TACO BELL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Taco Bell Corporation's ("Taco Bell") Motion to Dismiss for Lack of Service of Process (Dkt. 12). On December 16, 2013, Plaintiff Jamie Mikesell ("Ms. Mikesell") brought suit against Taco Bell alleging that it engaged in conduct prohibited under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Taco Bell argues the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. For the reasons stated below, Taco Bell's Motion to Dismiss for Lack of Service of Process is **DENIED**.

## I. BACKGROUND

Ms. Mikesell filed her initial Complaint with this Court on December 16, 2013, alleging unlawful retaliation under Title VII. At that time, she did not issue a summons because she intended to amend the Complaint. Thereafter, on February 12, 2014, Ms. Mikesell amended her complaint to reflect the receipt of a third Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") (Dkt. 4). Again, no summons was issued with the Amended Complaint, however, on March 11, 2014, Ms. Mikesell, through counsel, personally delivered a Summons and Amended Complaint to CT Corporation System ("CT

Corporation"), Taco Bell's Registered Agent, at Taco Bell's former location of 251 East Ohio Street, Suite 1100, Indianapolis, Indiana 46204. Unbeknownst to Ms. Mikesell, CT Corporation had relocated to 150 West Market Street, Suite 800, Indianapolis, Indiana 46204 in June 2013. Since the first attempted service occurred in March 2014, the Summons and Amended Complaint were not delivered to CT Corporation's current location.

Notwithstanding service at the incorrect address, Taco Bell's counsel filed a Notice of Appearance (Dkt. 8) and a Corporate Disclosure Statement (Dkt. 9), with the Court ten days later on March 21, 2014. On March 31, 2014, fifteen days before Ms. Mikesell's 120 day window for service expired, Taco Bell filed the instant Motion to Dismiss alleging lack of service process.

Ms. Mikesell responded to the Motion to Dismiss on April 11, 2014, to which the Taco Bell replied on April 22, 2014 (Dkt. 14). In between those dates, on April 15, 2014, Ms. Mikesell's 120 day period for service expired. On May 1, 2014, Ms. Mikesell successfully caused a second Summons and Amended Complaint, directed at Taco Bell, to be served at CT Corporation's current address (Dkt. 18), to which Taco Bell filed its Supplement to Motion to Dismiss (Dkt. 19).

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(m) requires that the plaintiff's service of process occur within 120 days of the filing date of the complaint. When service exceeds 120 days, a motion to dismiss may be brought under Rule 12(b)(5), which asks whether sufficient service of process has been provided by the plaintiff to the defendant. See Fed. R. Civ. P. 12(b)(5). In determining whether there has been sufficient service, the facts are viewed in the light most favorable to the nonmoving party. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)).

When proper service is not accomplished within 120 days of filing, the text of Rule 4 instructs the court to "dismiss the action without prejudice against the defendant or order that service be made within a specified time," unless the plaintiff "shows good cause for the failure," whereby the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

If good cause is not found, two options remain for the court: 1) dismiss the action without prejudice, or 2) decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662–63 (1996)). The Seventh Circuit explains that application of Rule 4(m) in the second manner is best determined by considering the "arguments and factors advanced by the plaintiff, and . . . pay[ing] particular attention to a critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1007 (7th Cir. 2001) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996)) (additional citations omitted). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

### III. DISCUSSION

In her response filed before the expiration of the 120 day period, Ms. Mikesell neither disputes that the requirements of Rule 4(m) were not met, nor argues that good cause exists for the failure. Rather, she argues that two factors "weigh heavily in favor of permissive extension

3

of time." Ms. Mikesell asks the Court to consider that 1) the statute of limitations on her civil actions would time-bar refiling the claim, and 2) her late service does not prejudice Taco Bell's ability to defend the lawsuit.

The statute of limitations on Ms. Mikesell's claim appropriately supports a permissive extension because a dismissal of the case at this point, even without prejudice, time-bars any possible recovery to which she might be entitled. In her response, Ms. Mikesell argues accurately that a plaintiff must file a civil action within 90 days after receiving a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Although Ms. Mikesell initially met the period for filing the EEOC claims, the ninety day window has since closed, making any refiling impossible. Thus, if the Court dismisses this suit, Plaintiff would be time-barred from re-filing the claim.

In reply, Taco Bell offers the discussion of the Seventh Circuit in *Cardenas*, 646 F.3d at 1006, arguing that the district court, having declined to extend the deadline for service, "correctly noted that [the expiration of the statute of limitations barring refiling] alone neither required nor justified an extension." (Dkt. 140). In this case, the Court finds that while this consideration alone does not require an extension, when taken together with other factors, a permissive extension is justified.

Taco Bell next argues that Ms. Mikesell "failed to identify and serve the registered agent at the proper address, and even after the filing of a motion to dismiss, still did not effect service." (Dkt. 14)) (quoting *Cardenas*, 646 F.3d at 1006). "[T]he fault for the profound delay rested squarely on [Plaintiffs]…if [they] ultimately failed to serve an essential party." Here, Ms. Mikesell does not argue that a "summons to another office on the same floor as the correct office *should* suffice," nor that the "singular attempt [should be considered] valid," as did the plaintiff

4

in *Cardenas*, 646 F.3d at 1005; rather, she addresses the failure of the service, requests a permissive extension and discusses the factors supporting it in a motion preceding the lapse of the service period (see Dkt. 13, at pp. 2-3).

Secondly, any prejudice of a permissive extension does not impact Taco Bell's ability to defend the lawsuit. Taco Bell's actual notice of the lawsuit allowed it to file both an appearance and a motion to dismiss before the lapse of the 120 day period (see Dkts. 8 and 9). Taco Bell's argument of the policy motivating the service provision of Rule 4(m) does not persuasively overcome this fact. Ms. Mikesell perfected service within 136 days, a sixteen day delay—not the extreme delays in service in the cases cited by Taco Bell, *Cf. Cardenas*, 646 F.3d at 1003 (360 day delay); *Conover*, 87 F.3d at 909 (postponement of service for an additional eight months after waiting until the last day in the two year statutory limitation period to file lawsuit). Taco Bell has not shown, nor does the Court find, that this delay prejudiced Taco Bell in defending the lawsuit.

Since it preceded the successful service of the Summons and Complaint, Ms. Mikesell's response does not mention the third factor that, nevertheless, remains at play: sixteen days following the 120 day period, she, through counsel, cured her service by delivering a second Summons and Amended Complaint to Taco Bell at CT Corporation's current address (Dkt. 18). Alongside the above arguments, this consideration factors into this Court's decision, see *Cardenas*, 646 F.3d at 1006-7 ("nothing forbids [a district court's] consideration of factors plaintiffs tellingly ignored."), to demonstrate that Ms. Mikesell has indeed served the policy behind the 120 day period of "encourag[ing] prompt movement of civil actions in federal courts." *Floyd v. United States*, 900 F.2d 1045, 1048 (7th Cir. 1990) (citing 2 J. Moore & J.

Lucas, *Moore's Federal Practice* ¶ 4.46, at 4–433 n.8 (2d ed. 1989) (internal quotations omitted)).

Because it is clear that both actual notice and actual service were accomplished, and Taco Bell offers no compelling reason why the Court should not grant an extension for an already corrected technical failure to serve within 120 days, the Court finds that a permissive extension is appropriate and that Ms. Mikesell has already cured her defective service.

## IV. **CONCLUSION**

As the result of the judicial discretion afforded the Court under Federal Rule of Civil Procedure 4(m), Taco Bell's Motion to Dismiss for Lack of Service of Process (Dkt. 12) is **DENIED**.

**SO ORDERED.**

Date: 05/28/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John R. Maley
BARNES & THORNBURG LLP
jmaley@btlaw.com

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com